<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARNEICE FORBES, : <br> : <br> Plaintiff, : <br> : Civil Action No. 12-7062 (SRC) <br> v. : <br> : OPINION <br> : <br> BANK OF AMERICA, NA, THE : <br> FEDERAL HOME LOAN MORTGAGE : <br> CORP., and ABC COMPANY 1-10, being : <br> fictitious names and ALFREDO AQUILAR, : <br> : <br> Defendants. : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion of Defendant Bank of America, N.A. ("BANA") to dismiss the claims against it contained in Plaintiff Charneice Forbes's ("Forbes" or "Plaintiff") Complaint. (Docket Entry 9) Both Plaintiff and Co-Defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") have opposed the motion. (Docket Entry 13; Docket Entry 12) The Court will rule on the papers submitted, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the motion and dismiss the claims against BANA without prejudice.

**I.    THE FACTS[1]**

---

[1] In a Rule 12(b)(6) motion, the Court is limited in its review primarily to the complaint and a few basic documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, the Court's statement of the facts is derived entirely from the allegations contained in the Complaint (Docket Entry 1, Ex. A) and does not represent factual findings by the Court.

This lawsuit arises out of injuries Plaintiff sustained in a fall that occurred on September 19, 2010. On that date, Plaintiff was a tenant in a multi-family building located at 147 Albion Avenue in Paterson, New Jersey. Plaintiff alleges that she was walking down the stairwell from the second floor when "the staircase and stair railing collapsed," causing her to fall down the stairway and sustain bodily injury. (Compl. ¶ 13) The Complaint alleges that, at all relevant times, the premises were owned and/or operated by Defendants Alfredo Aquilar, BANA, and Freddie Mac. Plaintiff alleges that the defendants breached their duties to Plaintiff by carelessly and negligently allowing the stairway and stairway railing between the first and second floors to fall into and remain in disrepair. Specifically, Plaintiff alleges that "the steps and railings were loose, worn, depressed and uneven and parts of the steps were worn and broken away and the stairway railing was worn and loose." (Compl. ¶ 11) Plaintiff also alleges that the Defendants failed to warn Plaintiff of the dangerous and defective condition of the staircase.

## II.     DISCUSSION

### A.     Standard of Review

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. Twombly, 550 U.S. at 555; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Third

Circuit, following Twombly and Iqbal, has held that the pleading standard of Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips, 515 F.3d at 234.  In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

      B.      **BANA's Motion to Dismiss**

BANA has moved to dismiss the claims against it on the grounds that Plaintiff has merely pled the legal conclusion, unsupported by any facts, that BANA owned the subject property on the date of the accident.  BANA also argues that Plaintiff's allegations of ownership are directly contradicted by public records showing that Alfredo Aquilar in fact owned the property.  BANA contends that, at most, Plaintiff can allege that BANA was a mortgagee of the property and cites Briglia v. Mondrian Mortg. Corp., 304 N.J. Super. 77 (App. Div. 1997), and Rojas v. Rubenstein, No. A-5755-10T2, 2012 N.J. Super. Unpub. LEXIS 2359 (App. Div. Oct. 18, 2012), for the proposition that a defendant's status as a mortgagee does not trigger any duty to maintain or warn of any defects in the mortgaged property.

In its opposition brief, Plaintiff appears to concede that BANA was not the owner of the property but merely a mortgagee.  (See P.'s Opp. Br. 3)  Plaintiff argues that, in Rojas, "the trial court was able to ascertain that a given mortgagee was not a responsible party only after having heard the evidence presented at trial, and presumably, after discovery had been conducted." (Id. at 5)  Plaintiff urges that a pre-discovery dismissal is unwarranted because discovery is necessary to ascertain the nature and extent of BANA's responsibility to maintain the subject premises.

Freddie Mac opposes BANA's motion to dismiss largely for the reason stated by Plaintiff: dismissal is premature, because the parties have not had the opportunity to determine the facts through discovery. Freddie Mac also argues that denying the motion is necessary to preserve its rights with respect to BANA in the event that Plaintiff prevails on her claims.

Having considered the parties' arguments, the Court will grant BANA's motion to dismiss the claims against it on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). First, the Court agrees that Plaintiff has pled mere legal conclusions, unsupported by specific facts to raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555; Phillips, 515 F.3d at 234. Second, the Complaint alleges that BANA owned and/or managed the building in question and had a duty to keep the premises in a reasonably safe condition. But it is clear from the incontrovertible public records that BANA did not own the property where Plaintiff was injured.[2] Under New Jersey law, a mortgagee only has a duty to maintain the premises if it is a "mortgagee in possession." See Rojas, 2012 N.J. Super. Unpub. LEXIS 2359 at *26. "When a mortgagee goes into possession of mortgaged property, the mortgagee 'assumes responsibility for the management and preservation of the property.'" Id. (quoting Essex Cleaning Contractors, Inc. v. Amato, 127 N.J. Super. 364, 366 (App. Div 1974)) "[T]he acts of a mortgagee under the circumstances, determine whether or not possession and management of the premises have been undertaken by

---

[2] Although the Court relies, in part, upon the Monmouth County Public Tax Assessor's Record of ownership for the property in question, the Court does not thereby convert BANA's motion to dismiss into a motion for summary judgment. In assessing whether a Plaintiff has stated a claim upon which relief can be granted under Rule 12(b)(6), the Court may take judicial notice of matters of public record. White Consol. Indus., 998 F.2d at 1196.

the mortgagee." Scott v. Hoboken Bank for Sav., 126 N.J.L. 294, 298 (Sup. Ct. 1941).  In the case at bar, Plaintiff has failed to allege any specific facts that support the legal conclusion that BANA was a mortgagee in possession and thus owed any duty to maintain the premises.

Plaintiff argues that it should be given the opportunity to uncover, through formal discovery, specific facts that may provide the basis for BANA's liability.  But to hold that Plaintiff can survive a motion to dismiss merely because it is theoretically possible that discovery might establish BANA's liability would fly directly in the face of the Iqbal and Twombly, which discourage the practice of suing first and asking questions later, see Padron v. Wal-Mart Stores, Inc., 783 F. Supp. 2d 1042, 1047-1048 (N.D. Ill. 2011).

Freddie Mac's argument is also untenable – if it has any claims against BANA, it may preserve those claims by filing an independent suit.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss the claims against BANA without prejudice.  Should it wish, Plaintiff will have leave to file an amended complaint alleging specific facts that provide the basis for BANA's liability.  An appropriate Order accompanies this Opinion.

      s/Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

DATED:  February 11, 2013